## CHARLES BAILEY *vs.* JOHN BUTTERFIELD.

An action of assumpsit, as implied by law, is never the proper remedy against a public officer for neglect, or misbehaviour, in his office.

Before an action can be maintained on a sheriff's, or constable's official bond, the party seeking that remedy must obtain a judgment against the officer, founded directly upon his official delinquency.

A judgment against a constable in an action of assumpsit, declaring for money had and received, or on an account annexed to the writ, on a promise implied by law, is not sufficient evidence to support an action on his official bond.

EXCEPTIONS from the Court of Common Pleas.

This was an action of debt on bond, brought in the name of the plaintiff, as treasurer of the town of *Milford*, for the use and benefit of one *Elijah Winslow*, against the defendant, as surety on a bond, made jointly and severally by one *Joseph Demeritt*, as principal, and the defendant and others, as sureties, to the plaintiff in that capacity, conditioned for the faithful performance by said *Demeritt* of his duties and trusts, as to all processes by him served or executed in his office of constable of the town of *Milford*. To show a breach of the condition of the bond, and the damages sustained thereby, the plaintiff offered in evidence an attested copy of an original writ, and of a judgment recovered thereon before a justice of the peace, in favor of said *Winslow* against said *Demeritt*,

Bailey v. Butterfield.

describing him as constable of *Milford.* This action was assumpsit for money had and received, and on an account annexed to the writ, of which the following is a copy.

" *Joseph Demeritt* to *Elijah Winslow,* **Dr.**

To debt and costs collected as constable on execution *Elijah Gordon,* for the benefit of *Elijah Winslow,* against *John Lanfist.* $19,99

To six months interest on the same 0,60

20,59"

This judgment remained unsatisfied. These, with a copy of the bond, were all the evidence produced in support of the action ; and the Court, *Perham J.* presiding, ruled, that the evidence offered was insufficient to prove a breach of the condition of the bond, so as to charge a surety ; and by consent of parties, with the view of saving the question, a nonsuit was ordered. To this ruling of the Court the plaintiff excepted.

*J. Appleton,* for the plaintiff, contended, that the refusal to pay over money collected was a breach of the bond of the officer collecting it ; and that a recovery against the officer, either in assumpsit for the money collected, or in case, for misfeasance, was evidence of a breach of the bond. Assumpsit will lie, as well as case, and being the more favorable action for the officer, as no penalty is claimed by it, he cannot object, that assumpsit is brought. 7 *Mass. R.* 464 ; 7 *Johns. R.* 470 ; 9 *Johns. R.* 96. On an express promise to pay the equitable owner, an action of assumpsit may be maintained in his name, even although the foundation of it was a specialty. 4 *Cowen,* 13 ; 4 *N. H. Rep.* 69. The facts shew official misconduct in the officer. Neglect to perform the duty enjoined upon him by law is official misconduct ; and the liability of the surety is as extensive, as that of the principal. 8 *Mass. R.* 275 ; 6 *Johns. Ch. R.* 307.

*J. A. Poor,* for the defendant, cited *stat.* of 1821, *ch.* 92, § 9, and *stat.* of 1821, *ch.* 91, § 6, and contended, that to maintain an action on the bond of a constable against a surety, it was necessary to produce a record of a judgment showing his official misconduct ; and insisted, that no official misconduct was shown by the record produced on the trial of this case.

1. The judgment does not show any default or misdoing of the constable. Misfeasance or nonfeasance in an officer is in law a *tort.* The only remedy for such *tort* is by action on the case. 3 *Black. Com.* 165 ; 4 *Burrow,* 2345 ; 4 *Mass. R.* 378 ; 1 *Com. Dig.* 408 ; *Oliver's Practice, Case* ; 9 *Greenl.* 74.

2. Assumpsit does not lie for such *tort,* but is founded on contract. A resort to it is a waiver of all *tort* in any action. The plaintiff has a right to waive the *tort,* but he thereby waives the statute remedy. The judgment offered in evidence in this case only shews, that the officer did not pay over money according to his promise, but not a default or misdoing in his official capacity, such as the statute contemplates.

3. There must be a recovery against the principal for a *misfeasance* or *nonfeasance* to charge a surety. 18 *Johns. R.* 390 ; 11 *Wend.* 27.

4. The judgment before the justice was on the face of it erroneous. It is a chose in action, and cannot be so assigned as to enable the assignee to maintain a suit in his own name. 13 *Mass. R.* 290.

5. If an action can be maintained in the name of the assignee against the officer on his express promise to pay, yet such recovery furnishes the assignee with no remedy on the bond.

After a continuance, the opinion of the Court was drawn up by

WESTON C. J. — By the act, defining the powers and duties of sheriffs and constables, *statute* of 1821, *ch.* 92, § 9, it is provided, that all persons suffering through the defaults or misdoings of any constable, shall have the same remedies at law on his bond, as are provided in respect to sheriffs' bonds ; and the like proceedings are to be had. And by the statute in relation to sheriffs' bonds, the remedy thereon is to be preceded by a judgment against the sheriff or his deputy, at the suit of the party aggrieved by his neglect or misdoings, ascertaining the extent of his damage. The appropriate remedy is an action on the case, setting forth the nonfeasance or misfeasance, of which the party complains.

Official delinquency is first to be established. It is the gravamen from which the action arises. It is for security against the defaults and misdoings of a constable, that a bond is required ; not to sus-

tain his promises. Actions against officers for failure in duty are of frequent occurrence in our practice. No precedent, it is believed, can be found where assumpsit has been sustained, upon any promise arising by implication of law. *Blackstone*, who refines much upon the contract, which every man is presumed to have made, to do his duty in society, and to submit to the laws, states that an action on the case is the proper remedy against a sheriff, for misfeasance or nonfeasance in his office. 3 *Bl. Com.* 165. And in *McMillan* v. *Eastman*, 4 *Mass. R.* 378, *Parsons C. J.* says, that assumpsit, as implied by law, is never the proper remedy against a public officer, for neglect or misbehaviour in his office.

In *Tuttle* v. *Love*, 7 *Johns. R.* 470, the Court held, that upon an express promise, if clear and absolute, by a deputy sheriff to pay money collected on an execution, assumpsit would lie. And the counsel for the plaintiff insists, that the constable having been defaulted, the promise declared on against him must be presumed to have been express. If so, it may well be doubted, whether a breach of it would entitle the plaintiff to a remedy on his bond. If he would suffer his money to remain in the hands of the officer, upon his promise to pay it, it assumes the character of a loan, for which his sureties are not responsible. If there was any tort, it was waived, both by receiving the promise, and the form of the action. But if there was an express promise, there may have been no tort. The plaintiff may be understood to have accepted the promise, instead of the money.

We cannot entertain a doubt, that the remedy on a sheriff's or constable's bond, should be preceded by a suit and judgment against the officer, founded directly upon his official delinquency; and such has been our practice, without a single exception, which has come to our knowledge. The course pursued by the plaintiff cannot, in our opinion, be sustained.

*Exceptions overruled.*